**Henry BENITEZ, Plaintiff,**

v.

**Laura GONDA, Defendant.**

**No. 91 Civ. 2566 (RPP).**

United States District Court,
S.D. New York.

Nov. 26, 1991.

Henry Benitez, pro se.

Robert Abrams, Atty. Gen., State of N.Y., Dept. of Law, Stephen Mendelsohn, Asst. Atty. Gen., New York City, for defendant.

ROBERT P. PATTERSON, Jr., District Judge.

Henry Benitez, a pro se plaintiff, currently an inmate of the New York State Southport Correctional Facility, moves for a preliminary injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure and a writ of mandamus pursuant to the All Writs Act, 28 U.S.C. § 1651, commanding that plaintiff be transferred to New York State Sing Sing Correctional Facility "to ensure reasonably necessary, adequate, and proper medical treatment and uninhabited rehabilitative care needs for plaintiff's debilitating back, until a final disposition on the merits of this action." (Plaintiff's Notice of Motion, dated June 30, 1991).

This action, brought under 42 U.S.C. § 1983 by plaintiff while an inmate at Sing Sing Correctional Facility, charges that defendant, a licensed practical nurse employed by that facility, caused his transfer to Southport Correctional Facility by fabricating six disciplinary reports against plaintiff in retaliation for plaintiff having brought prior litigations against defendant: *Benitez v. Gonda*, 90 Civ. 1113 (RPP); *Benitez v. Gonda*, 90 Civ. 7656 (DNE); *Benitez v. Williams, et al.*, 91 Civ. 0564 (DNE).

Plaintiff claims that the regimen at Southport Correctional Facility, a so-called "maxi-maxi" facility, does not permit him to exercise during the one-hour recreational period in the manner prescribed by Sing Sing Psychologist, Dr. Roger. Accordingly, he requests the Court to order his return to Sing Sing Correctional Facility.

In an affidavit by Donald Selsky filed on behalf of defendant, it is pointed out:

(1) that plaintiff has a lengthy disciplinary history within the New York State Correctional System and has twice been convicted of felonies for acts committed while an inmate;

(2) that in 1990 the inmate was transferred from Auburn Correctional Facility to Clinton Correctional Facility due to his poor disciplinary record and that, thereafter, he commenced six 42 U.S.C. § 1983 actions in the United States District Court for the Northern and Western Districts of New York:

Benitez v. Baker — 89 Civ. 0190
Benitez v. Kadien — 89 Civ. 0295
Benitez v. Ward — 89 Civ. 0514
Benitez v. Burns — 89 Civ. 0554
Benitez v. Ricci — 89 Civ. 0696
Benitez v. Mahunik — 89 Civ. 0922;

(3) that these cases were settled pursuant to a settlement agreement dated October 9, 1990, providing for the transfer of plaintiff to Sing Sing Correctional Facility and no retransfer of plaintiff as long as he maintained a clean disciplinary record; and

(4) that upon his transfer to Sing Sing, plaintiff was found guilty of fifteen acts of misbehavior, including an act of misbehavior against the defendant.

In another affidavit filed in opposition, the Health Services Director at Southport Correctional Facility states that, although plaintiff complained of back pain on arrival at Southport Correctional Facility, he refused a Magnetic Resonance Imaging (MRI) test on June 21, 1991 and since that time has not complained of back pain. The Court notes that plaintiff does not show why he cannot perform Dr. Roger's corrective exercises during the remaining twenty-three hours of the day. Furthermore, the affidavit states that Southport has a fine medical staff and that there is no medical reason for transfer of plaintiff to Sing Sing.

Since plaintiff has transferred from Clinton Correctional Facility, he has commenced the following lawsuits in this Court:

| | | |
|---|---|---|
| Benitez v. Gonda | — 90 Civ. 7656 | (DNE) |
| Benitez v. Williams | — 90 Civ. 7951 | (DNE) |
| Benitez v. Williams | — 90 Civ. 7995 | (DNE) |
| Benitez v. Lapiscopol | — 90 Civ. 7996 | (DNE) |
| Benitez v. Williams | — 91 Civ. 0564 | (DNE) |
| Benitez v. Gonda | — 91 Civ. 1113 | (RPP) |
| Benitez v. Gonda | — 91 Civ. 2566 | (RPP) |
| Benitez v. Mahony | — 91 Civ. 2576 | (RPP) |
| Benitez v. Finn | — 91 Civ. 3884 | (RPP) |
| Benitez v. Mahony | — 91 Civ. 4253 | (RPP). |

Plaintiff's claims are of insufficient specificity to support the granting of the relief he seeks. *Ostrer v. Aronwald,* 567 F.2d 551, 553 (2d Cir.1977); *Gilliam v. Quinlan,* 608 F.Supp. 823, 840 (S.D.N.Y.1985). Plaintiff has failed to show immediate and irreparable harm and either a likelihood of success on the merits or sufficiently serious questions going to the merits and a balance of hardships favoring him. *Arthur Guinness & Sons, PLC v. Sterling Publishing Co.,* 732 F.2d 1095, 1099 (2d Cir.1984); *Jackson Dairy, Inc. v. H.P. Hood & Sons,* 596 F.2d 70, 72 (2d Cir.1979).

Furthermore, the State has a strong and legitimate interest in maintaining prison security, and prison officials have discretion in taking action to further this objective. *Hewitt v. Helms,* 459 U.S. 460, 467, 103 S.Ct. 864, 869, 74 L.Ed.2d 675 (1983); *Rhodes v. Chapman,* 452 U.S. 337, 349–52, 101 S.Ct. 2392, 2400–02, 69 L.Ed.2d 59 (1981).

Plaintiff's motion for a preliminary injunction is denied.

IT IS SO ORDERED.