**BOSE CORPORATION, Appellant,**

v.

**INTERNATIONAL JENSEN INCORPORATED,**
**Appellee.**

**No. 91–1260.**

United States Court of Appeals, Federal Circuit.

May 13, 1992.

Charles Hieken, Fish & Richardson, Boston, Mass., argued for appellant.

Heidi A. Schiller, Choate, Hall & Stewart, Boston, Mass., argued for appellee. With her on the brief was Toby H. Kusmer, of Schiller & Kusmer.

Before ARCHER, LOURIE and ALARCON,* Circuit Judges.

ALARCON, Circuit Judge.

Bose Corporation (Bose) appeals from the dismissal of its opposition to the application of International Jensen Incorporated (International Jensen), assignee of Teledyne Industries (Teledyne), to register ACOUSTIC RESEARCH for its speaker units and turntables for phonographs. We affirm because we conclude that the challenged mark is not merely descriptive.

### I.

Teledyne filed an application with the United States Patent and Trademark Office on September 12, 1986, to register the trademark ACOUSTIC RESEARCH for speaker units and turntables for phonographs.[1] The application alleged a first use of June 1, 1977. This application was assigned the serial number 7315191479.

On December 16, 1986, the Examining Attorney refused registration of the mark "because the mark, when applied to the goods is considered to be merely descriptive." The Examining Attorney explained further that "[t]he mark 'ACOUSTIC RESEARCH' describes a feature or characteristic of the applicant's goods, namely stereo equipment produced after acoustic research, or engineering."

On February 25, 1986, International Jensen filed a response in which it requested reconsideration of its application. International Jensen argued that "both AR and ACOUSTIC RESEARCH have over the period of many years come to mean, to the audiophile specifically and to the general public in general, a source of speakers and turntables of very high quality." International Jensen also represented that "ACOUSTIC RESEARCH ... is the name of a high fidelity audio equipment research and manufacturing company which has been in the business for over 50 years."

On May 14, 1987, the Examining Attorney advised International Jensen that the refusal of registration would be withdrawn if International Jensen filed a disclaimer of the word "acoustic" apart from the mark as shown in the application. On May 21, 1987, International Jensen filed a disclaimer of the word "acoustic."

### II.

On July 21, 1987, notice of publication of the mark ACOUSTIC RESEARCH was published in the Official Gazette. Bose filed a timely notice of opposition on August 31, 1987. Bose is a designer and manufacturer of audio equipment including loudspeakers. Subsequently, Bose filed an amended notice of opposition on June 15, 1988, in which it alleged that "[t]he term 'acoustic research' when applied to the goods of the applicant is merely descriptive of them."

In support of its opposition, Bose filed a notice of reliance in which it offered into evidence the deposition of Alexander P. DeKoster, the head of International Jensen's engineering department, and the exhibits identified during the deposition proceedings. International Jensen offered into evidence the deposition of its Executive Vice President, Robert L. Thompson, the exhibits introduced during his examination, and its original United States trademark for the mark "AR," dated March 3, 1987, to support its contention that the mark ACOUSTIC RESEARCH, when applied to its goods, is not merely descriptive.

The deposition of Mr. DeKoster contains the following testimony:

Q. [by Mr. Toby H. Kusmer, attorney for International Jensen]

Mr. DeKoster, have you ever seen or heard the phrase "acoustic research" in the context of describing a loudspeaker?

Mr. Hieken [counsel for Bose]

---

* Honorable Arthur L. Alarcon, United States Court of Appeals for the Ninth Circuit, sitting by designation.

1. The trademark ACOUSTIC RESEARCH was assigned by Teledyne to International Jensen.

On November 13, 1990, the Trademark Trial and Appeal Board ordered International Jensen substituted as the defendant in this action. Hereafter, the words "International Jensen" will be used when referring to the applicant.

Objection. Leading.

Q. You can answer it.

A. Would you repeat the question, please. (Record read)

A. Only when it is a product manufactured by Acoustic Research.

Q. When you use the word "product," what do you mean?

A. A loudspeaker manufactured by Acoustic Research.

Q. When you use the phrase "manufactured by," what do you mean?

A. The loudspeaker was developed and manufactured by a company, Acoustic Research.

Q. Is it fair to say that when you use the phrase "manufactured by" that it's a result of acoustic research?

A. Yes.

International Jensen's advertising brochures stated that its loudspeakers, turntables and electronic high fidelity equipment resulted from acoustic research. Bose introduced evidence showing that its speakers are the result of acoustical research that began in 1956.

## III.

The Trademark Trial and Appeal Board (TTAB) dismissed Bose's opposition to the application of International Jensen to register ACOUSTIC RESEARCH, with the word "acoustic" disclaimed, for speaker units and turntables for phonographs. The TTAB concluded that Bose had failed to carry its burden of demonstrating that ACOUSTIC RESEARCH serves merely to describe International Jensen's speaker units and turntables for phonographs.

In explaining the basis for its decision, the TTAB stated:

> While we have no difficulty in accepting that the initial step in the production of applicant's loudspeakers and turntables is the carrying out of acoustical or acoustic research, we are not persuaded on this record that the term ACOUSTIC RESEARCH, taken in its entirety, immediately conveys information about a characteristic, quality, ingredient or purpose of applicant's goods.

The TTAB also concluded that "[t]he fact that other companies may refer in their promotional literature to their research efforts in the area of acoustics does not necessarily render the phrase ACOUSTIC RESEARCH merely descriptive as applied to applicant's goods...."

## IV.

Bose contends that the mark ACOUSTIC RESEARCH is merely descriptive because it immediately conveys information about International Jensen's speaker units and turntables for phonographs as being the product of acoustic research. Bose also asserts that the TTAB erred as a matter of law in failing to consider whether the words "acoustic research" convey information about any properties of International Jensen's goods.

■ A mark which is merely descriptive is denied protection under the Lanham Act, subject to the provisions of § 1052(f), which are not applicable here. 15 U.S.C. § 1052(e)(1). We review for clear error a determination by the TTAB that a mark is not merely descriptive. *See Towers v. Advent Software, Inc.*, 913 F.2d 942, 944, 16 USPQ2d 1039, 1040 (Fed.Cir.1990). (A finding of the TTAB on the question of whether a mark is descriptive cannot be set aside unless it is clearly erroneous.) We must affirm, unless we are left with "the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S.Ct. 525, 542, 92 L.Ed. 746 (1948), *reh'g denied*, 333 U.S. 869, 68 S.Ct. 788, 92 L.Ed. 1147 (1948).

## V.

■ Contrary to Bose's contention, the TTAB was not required to consider and to make a finding regarding whether the mark ACOUSTIC RESEARCH conveys information about any properties of the goods. Bose correctly notes that this factor has been listed as one of the "various tests" the TTAB may consider in determining whether a mark is merely descriptive. *In re Abcor Development Corp.*, 588

F.2d 811, 813, 200 USPQ 215, 217 (C.C.P.A. 1978). We noted in *In re Omaha Nat'l Corp.*, 819 F.2d 1117, 2 USPQ2d 1859 (Fed. Cir.1987), however, that "[t]he factual situations in which mere descriptiveness must be resolved are too varied to lend themselves to resolution under any rigid formula." *Id.* at 1119, 2 USPQ2d at 1861. The TTAB properly considered several of the factors set forth in *In re Abcor Development Corp.* in deciding whether ACOUSTIC RESEARCH is merely descriptive. It was not required to apply each of the tests identified in *In re Abcor Development Corp.*

### VI.

■ Bose also asserts that the term "acoustic" when used before the word "research" is merely descriptive of the products of that research. Bose argues that the testimony of Mr. DeKoster that he had seen or heard the words "acoustic research" used in describing "a loudspeaker manufactured by ACOUSTIC RESEARCH," demonstrates that the term describes a feature or characteristic of its goods. This testimony does not demonstrate that the mark ACOUSTIC RESEARCH is merely descriptive.

The words "acoustic research" describe the engineering *activity* that preceded the development of speaker units and turntables for phonographs. The mark ACOUSTIC RESEARCH does not describe a feature of the *goods* produced by International Jensen. Bose failed to demonstrate that ACOUSTIC RESEARCH describes any of the "ingredients, qualities, or characteristics" of International Jensen's speaker units or turntables for phonographs. *In re Abcor Development Corp.*, 588 F.2d at 813, 200 USPQ at 217. The mark ACOUSTIC RESEARCH does not convey any "information regarding a func-

tion, or purpose, or use of the goods." *Id.* It does not convey "information about any properties of the goods." *Id.*, 588 F.2d at 813, 200 USPQ at 218. The TTAB did not clearly err in finding that the mark, "ACOUSTIC RESEARCH" is not merely descriptive of speaker units and turntables for phonographs produced by International Jensen.

### VII.

■ Bose asserts that the public should be free to use the words "acoustic research" or "acoustical research" when advertising or describing products resulting from acoustic research without facing the possibility of harassing infringement actions. In response to this argument, International Jensen asserts: "Since registration, of course, confers upon an applicant no greater right to sue infringers than it had under common law, common sense should tell Bose that it can use 'acoustic research' with impunity to advertise its research efforts in acoustics." Appellee's Brief at 14. This representation should preclude International Jensen from filing infringement claims if the words "acoustic research" are used in advertisements by its competitors in describing the development of products. *See Laitram Corp. v. Cambridge Wire Cloth Co.*, 863 F.2d 855, 867, 9 USPQ2d 1289, 1300 (Fed.Cir.1988) (a litigant may be estopped from taking a position in a subsequent proceeding that is contrary to that on which it prevailed in a prior action).

AFFIRMED.

# UNITED STATES COURT OF APPEALS

## Second Circuit

---

## DECISIONS WITHOUT PUBLISHED OPINIONS

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| U.S. v. Santos–Mena ........ | 91–1545 | 4/1/92 | AFFIRMED | N.D.N.Y. |
| Stubbs v. U.S............... | 91–2518 | 4/1/92 | AFFIRMED | S.D.N.Y. |
| U.S. v. Detore.............. | 91–1656, 91–1716 | 4/2/92 | AFFIRMED | D.Vt. |
| O'Sullivan v. Warden CCF ... | 91–2236 | 4/2/92 | AFFIRMED | E.D.N.Y. |
| Ferebee v. U.S.............. | 91–2528 | 4/2/92 | AFFIRMED | E.D.N.Y. |
| Endres v. Alpine Fine Arts .. | 91–7865 | 4/2/92 | AFFIRMED | S.D.N.Y. |
| Pepitone v. American Standard ..................... | 91–9295 | 4/2/92 | TRANSFERRED | S.D.N.Y. |
| Bottom v. Scully ........... | 91–2436 | 4/3/92 | AFFIRMED | S.D.N.Y. |
| Muriqi v. I.N.S. ............ | 91–4195 | 4/3/92 | AFFIRMED | S.D.N.Y. |
| MacPherson v. Aetna Life Cas. | 91–7856 | 4/3/92 | AFFIRMED | D.Conn. |
| Love v. Kwitny ............ | 91–7979 | 4/3/92 | AFFIRMED | S.D.N.Y., 772 F.Supp. 1367 |
| Renz v. Beeman ........... | 91–9066, 91–9068, 91–9070 | 4/3/92 | AFFIRMED | N.D.N.Y. |
| Manwani v. Schonzeit ....... | 91–9190 | 4/3/92 | AFFIRMED | E.D.N.Y. |
| Minier v. NYS Dept. of Labor of Apparel Industries...... | 91–9202 | 4/3/92 | AFFIRMED | S.D.N.Y. |
| Security Pacific v. NYLAND (CF8) .................... | 91–9289 | 4/3/92 | AFFIRMED | S.D.N.Y. |
| M.H. v. Tirozzi............. | 91–9352 | 4/3/92 | AFFIRMED | D.Conn. |
| U.S. v. Polanco ............ | 91–1651 | 4/6/92 | AFFIRMED | S.D.N.Y. |
| Sagastume v. I.N.S. ........ | 91–4203 | 4/6/92 | ENFORCED | I.N.S. |
| Jones v. Executive Office .... | 91–6308 | 4/6/92 | AFFIRMED | S.D.N.Y. |
| Weitzman v. Stein .......... | 91–9239 | 4/6/92 | AFFIRMED | S.D.N.Y. |
| Tillman v. NYS Dept. of Mental Health................. | 91–9302 | 4/6/92 | AFFIRMED | S.D.N.Y., 776 F.Supp. 841 |
| Saunders v. Riley .......... | 91–2434 | 4/7/92 | AFFIRMED | S.D.N.Y. |
| U.S. v. Bolden ............. | 91–1398, 91–1399 | 4/9/92 | AFFIRMED | W.D.N.Y. |
| Fernandez v. Reynolds ...... | 91–2570 | 4/9/92 | DISMISSED | S.D.N.Y. |
| U.S. v. Romano ............ | 91–6106 | 4/9/92 | AFFIRMED | E.D.N.Y. |
| Festa v. Gilston Elec. ....... | 91–9198 | 4/9/92 | AFFIRMED | S.D.N.Y. |
| D.A. Elia Const. v. Lyco Inc. | 91–9229 | 4/9/92 | AFFIRMED | W.D.N.Y. |
| U.S. v. Jones............... | 91–1645 | 4/10/92 | AFFIRMED | E.D.N.Y. |
| U.S. v. Tobacco Valley ...... | 91–1675 | 4/10/92 | AFFIRMED | D.Conn. |
| Walton v. Batra............ | 91–9170 | 4/10/92 | AFFIRMED | S.D.N.Y. |
| Boylan v. Rosenbaum ....... | 91–9219 | 4/10/92 | AFFIRMED | S.D.N.Y. |

| Title | Docket Number | Date | Disposition | Appeal from and Citation (if reported) |
|---|---|---|---|---|
| Broadway Natl Bank v. Progressive Cas. ............. | 91–9244 | 4/10/92 | AFFIRMED | S.D.N.Y., 775 F.Supp. 123 |
| U.S. v. Cross ............... | 91–1488 | 4/13/92 | AFFIRMED | S.D.N.Y. |
| U.S. v. Andujar ............. | 91–1698 | 4/13/92 | AFFIRMED | W.D.N.Y. |
| Almahdi v. U.S. ............. | 91–2526 | 4/13/92 | AFFIRMED | E.D.N.Y. |
| Loiacono v. U.S. ........... | 91–2531 | 4/13/92 | AFFIRMED | S.D.N.Y. |
| Powers v. Karen ........... | 91–9228 | 4/13/92 | AFFIRMED | E.D.N.Y., 768 F.Supp. 46 |
| Dickerson v. Kaplan ........ | 91–9309 | 4/13/92 | AFFIRMED | E.D.N.Y., 763 F.Supp. 694 |
| U.S. v. Helmsley ........... | 92–1179 | 4/14/92 | AFFIRMED | S.D.N.Y., 760 F.Supp. 338 |
| U.S. v. Espinal ............. | 91–1682 | 4/20/92 | AFFIRMED | S.D.N.Y. |
| Lehal Realty, In re ......... | 91–5065, 91–5107, 91–5143, 91–5145 | 4/20/92 | AFFIRMED | S.D.N.Y. |
| Hoppe v. Grabow .......... | 91–9130 | 4/20/92 | AFFIRMED IN PART, VACATED IN PART | E.D.N.Y. |
| Price v. Bartkowiak ........ | 91–9209 | 4/20/92 | REVERSED | S.D.N.Y. |
| Price v. Bartkowiak ........ | 91–9233 | 4/20/92 | AFFIRMED | S.D.N.Y. |
| U.S. v. Szymaniak.......... | 91–1589 | 4/22/92 | AFFIRMED | N.D.N.Y. |
| U.S. v. Hennessy ........... | 91–1707 | 4/22/92 | AFFIRMED | S.D.N.Y. |
| U.S. v. Rios ................ | 91–1737 | 4/22/92 | AFFIRMED | E.D.N.Y. |
| Benitez v. Gonda........... | 91–2587 | 4/22/92 | AFFIRMED | S.D.N.Y., 778 F.Supp. 200 |
| U.S. v. Nassau County ...... | 92–6028 | 4/22/92 | AFFIRMED | E.D.N.Y. |
| Lawrence v. Baker .......... | 91–6219, 91–6285 | 4/22/92 | AFFIRMED | N.D.N.Y. |
| U.S. v. County of Nassau.... | 91–6326 | 4/22/92 | AFFIRMED | E.D.N.Y. |
| McKoy v. NYC Health & Hosp. .................... | 91–9299 | 4/22/92 | AFFIRMED | S.D.N.Y. |
| U.S. v. Crews .............. | 91–1748 | 4/29/92 | AFFIRMED | S.D.N.Y. |
| Allen v. Kleiman ........... | 92–7084 | 4/29/92 | AFFIRMED | S.D.N.Y. |
| U.S. v. Karacsonyi ......... | 92–1006 | 4/30/92 | AFFIRMED | D.Vt. |
| U.S. v. Bloomer ............ | 92–1220 | 4/30/92 | REMANDED | D.Vt., [on remand to 791 F.Supp. 100] |
| U.S. v. Sanchez ............. | 91–1718 | 4/30/92 | AFFIRMED | D.Conn. |
| Dunn v. U.S. Coast Guard ... | 91–6314 | 4/30/92 | AFFIRMED | E.D.N.Y. |
| Dial Ace Uniform v. Liberty Mut. Ins................... | 92–7087 | 4/30/92 | AFFIRMED | E.D.N.Y. |
| Bloomer Chocolate Co. v. Nosira Shipping Ltd.......... | 92–7123 | 4/30/92 | AFFIRMED | S.D.N.Y. |
| U.S. v. Arroyave ........... | 91–1610 | 4/1/92 | AFFIRMED | D.N.Y. |
| U.S. v. Ezeani.............. | 91–1422 | 4/6/92 | AFFIRMED | D.N.Y. |
| U.S. v. Guiffre(L) .......... | 91–1445 | 5/12/92 | AFFIRMED | D.N.Y. |
| U.S. v. Guiffre(Con) ........ | 91–1447 | 5/12/92 | AFFIRMED | D.N.Y. |
| Udunna v. U.S.............. | 91–2529 | 4/13/92 | AFFIRMED | D.N.Y. |
| U.S. v. Canarte............. | 91–1615 | 4/14/92 | AFFIRMED | D.N.Y. |
| U.S. v. Iqbal ............... | 91–1696 | 4/22/92 | AFFIRMED | D.N.Y. |
| U.S. v. Ward............... | 91–1710 | 4/22/92 | AFFIRMED | D.N.Y. |
| Reyes v. Keane ............. | 91–2504 | 4/24/92 | AFFIRMED | D.N.Y. |